IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CHARLES VAN DER POEL<br><br>　　　　Plaintiff<br><br>vs.<br><br>MANNHEIM AUTO AUCTION [1]<br>and MICHAEL FUTER,<br>INSTRUCTOR<br><br>　　　　Defendant | CIVIL ACTION<br><br>NO. 08-5607 |

FILED
JUN 1 8 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM OPINION AND ORDER

GOLDEN, J.                                            JUNE 17, 2009

Plaintiff brought this action <u>pro se</u> against his employer Mannheim Auto Auction and instructor Michael Futer ("Futer") based on Futer's alleged embarrassing and humiliating treatment of Plaintiff that allegedly occurred during a single training class on November 8, 2006. While the form Complaint is very brief, Plaintiff directs the Court's attention to an attached letter he wrote, but did not send, to his manager following the alleged incident which provides detail of Plaintiff's allegations. Plaintiff alleges that he was diagnosed with cardiomyopathy and high blood pressure in August 2006, and that his doctor has instructed him to limit his stress. Plaintiff claims that Futer, as instructor of the training class, caused Plaintiff "extreme embarrassment, emotional stress and humiliation." However, Plaintiff does not allege that Futer was at any time acting as his supervisor. According to the letter attached to the Complaint, Futer allegedly stood in front of Plaintiff who was seated at a table and "firmly pushed Plaintiff's materials to the side, causing Plaintiff's pencil to roll off the table onto the

---

[1] Defendants assert that the correct name of this Defendant is Manheim's Pennsylvania Auction Services, Inc. d/b/a Manheim, Pennsylvania.

floor." Futer also allegedly stood to the side of Plaintiff and began to repeatedly press the front of his body "just below the belt" against Plaintiff's shoulder. When Plaintiff moved his chair, Futer again pushed against Plaintiff stating, "Drivers need to have space and nobody likes being followed too close." Futer then allegedly remarked to Plaintiff that "You didn't mind this, did you? Unless, maybe I'm not your type!" which Plaintiff interpreted as Futer implying that Plaintiff was gay. Plaintiff informed Futer that he was married, to which Futer replied, "That's too bad." and further stated that "he was married for 26 years." Plaintiff also alleges that Futer firmly pulled Plaintiff's ID badge toward him while Plaintiff was wearing it around his neck, causing Plaintiff to hold still in an upward and forward condition. Plaintiff rhetorically asks whether Futer would have "directed such comments and disrespectful gestures to another race or member of the opposite sex.?" Besides asserting that Futer's actions "overstepped an instructor's bounds of decorum and violated the respect due a student's dignity in a classroom situation," Plaintiff asserts that these actions state claims against the Defendants for violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 631 et seq., and Title VII of the Civil Rights Act of 1964. Defendants have filed a motion to dismiss for failure to state a claim.

Even accepting, as the Court must, all the allegations in the Complaint as true, Plaintiff's claim under the ADA fail because Plaintiff has failed to allege that he is a disabled person within the meaning of the ADA. Specifically, Plaintiff fails to allege anywhere on the face of his Complaint or attached letter that his cardiomyopathy and high blood pressure are physical or mental impairments which substantially limit one or more of his major life activities. See Taylor v. Phoenixville School District, 184 F.3d 296, 306 (3d Cir. 1999). Even more significant, Plaintiff also fails to allege that he has suffered an adverse employment action in the form of a change in his employment status or benefits as a result of the Defendants' actions. Id. Contrary to Plaintiff's belief,

extreme embarrassment, emotional stress and humiliation incurred from being singled out in a training session simply do not amount to an adverse employment action. See , Durham Life Insurance Co. v. Evans, 166 F.3d 139, 153 (3d Cir. 1999).

Plaintiff has also failed to allege a claim under the ADEA because he has not alleged that he is a member of the protected class of individuals age 40 or older, or that he suffered an adverse employment action because of his age, or that a similarly situated younger employee was treated differently. See Anderson v. Consolidated Rail Corp., 297 F.3d 242, 249 (3d Cir. 2002).

Finally, Plaintiff has not alleged the severe or pervasive discrimination necessary for establishing a hostile work environment claim under Title VII. Incidents of harassment must occur "either in concert or with regularity" to be actionable. Andrews v. City of Philadelphia, 895 F.2d 1469, 1484 (3d Cir. 1990). In the case of a quid pro quo claim, Plaintiff fails to allege that a "tangible employment action resulted from a refusal to submit to a superior's sexual demands. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 753 (1998). See also Oglivie v. Northern Valley EMS, Inc., No. 07-485, 2008 WL 4761717, at *6. (E.D.Pa. 2008).

In sum, while Futer may certainly overstepped an instructor's bounds of decorum in a classroom situation, his action did not violate any Federal statue.